IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CARLOS EDWARD KENNEDY,    *
# 304105,                 *
                          *
        Petitioner,       *
                          *
vs.                       *    CIVIL ACTION NO. 20-00083-KD-B
                          *
CHADWICK CRABTREE,        *
                          *
        Respondent.       *

## REPORT AND RECOMMENDATION

Carlos Edward Kennedy, an Alabama state prisoner in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing § 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case.[1]

---

[1] Because Kennedy filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1337 (11th Cir. 2004). Kennedy has failed to establish that an evidentiary hearing is warranted in this case. See Birt v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984) (en banc) ("The burden is on the petitioner in a habeas corpus proceeding to establish the need for an evidentiary hearing.").

Having carefully considered Kennedy's petition and Respondent's answer and exhibits, the undersigned recommends that Kennedy's habeas petition be **DENIED**, that this action be **DISMISSED with prejudice**, and that judgment be entered in favor of Respondent. In the event Kennedy requests a certificate of appealability and seeks to appeal *in forma pauperis*, the undersigned recommends that said requests be denied.

## I.   BACKGROUND

Petitioner Carlos Edward Kennedy ("Kennedy") was charged with indecent exposure for exposing himself to a female corrections officer while incarcerated at the Mobile County Metro Jail (Case No. CC-2016-4142.00). (Doc. 11-1 at 74-75). On June 14, 2017, the case was tried before a jury in the Circuit Court of Mobile County, Alabama, which found Kennedy guilty of indecent exposure as charged in the complaint. (Id. at 20, 137). The court sentenced Kennedy to serve twelve months in the Mobile County Metro Jail and ordered the sentence to run consecutively with Kennedy's existing sentence of life in prison without the possibility of parole for capital murder (Case No. CC-2011-001569.80). (Id. at 16, 139).

Kennedy appealed his conviction and sentence to the Alabama Court of Criminal Appeals. (Id. at 25). On appeal, Kennedy, through his appointed appellate counsel, argued that his conviction should be reversed because the trial court erred by allowing into evidence the fact that he was in jail for and had

been convicted of capital murder. (Doc. 11-3). On December 8, 2017, the Alabama Court of Criminal Appeals issued an unpublished memorandum opinion affirming Kennedy's conviction. (Doc. 11-5). Kennedy did not file an application for rehearing and did not petition the Alabama Supreme Court for a writ of certiorari. (Doc. 1 at 3). The Alabama Court of Criminal Appeals issued a certificate of judgment on December 27, 2017. (Doc. 11-6).

Thereafter, Kennedy filed a Rule 32 petition dated October 12, 2018, along with an *in forma pauperis* ("IFP") request dated September 26, 2018, in the Circuit Court of Mobile County. (Doc. 16-1 at 2-14). These documents were stamped filed by the circuit clerk on October 29, 2018. (See id.). Although Kennedy's Rule 32 petition stated that he was challenging his June 14, 2017 conviction for indecent exposure, the petition and accompanying IFP request were docketed in Case No. CC-2011-1569.60, which appears to be associated with Kennedy's capital murder proceedings. (See id. at 2, 5-6, 11-13). On July 3, 2019, the circuit court entered an order in Case No. CC-2011-1569.60 denying Kennedy's IFP request and ordering him "to pay court costs for Rule 32 Petition to be filed." (Doc. 16-2). On August 11, 2019, Kennedy filed a motion requesting "that the Court issue an Order allowing him to pay the filing fee in portions on a monthly basis."

(Doc. 16-3).[2]  In an order dated August 21, 2019, the circuit court denied Kennedy's request for a payment plan without further comment.  (Doc. 16-4).

On February 10, 2020,[3] Kennedy filed the instant petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  (Doc. 1).  In ground one of the instant petition, Kennedy claims that he was "[d]enied effective assistance of counsel" because his trial attorney "didn't introduce evidence that contradicted the State's only witness."  (Id. at 6-7).  In ground two, Kennedy asserts that he was denied his "right of appeal" because "[d]uring the Rule 32 petition the state court procrastinated every time [he] filed any documents until the one year limitation period had expired."  (Id. at 7).  Kennedy's petition indicates that he did not raise either of these claims before the state courts on direct appeal or in a Rule 32 petition, and it states that he has no other petition or appeal currently pending in any court which relates to the judgment being challenged in the instant petition.  (Id. at 7,

---

[2] Kennedy's motion included a note to the circuit court clerk requesting that the motion be filed in Case No. CC-2011-1569.60. (Doc. 16-3 at 2).

[3] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).  Absent evidence to the contrary, that date is assumed to be the date the prisoner signed the motion.  Id.  Kennedy's petition is dated February 10, 2020. (See Doc. 1 at 13).

9).  Respondent filed an answer asserting that Kennedy's claims are time-barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1) and procedurally defaulted based on his failure to exhaust them in state court.  (Doc. 11).  Kennedy's habeas petition is now ripe for consideration.

## II.   **STANDARD OF REVIEW**.

The Court's review of Kennedy's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, "the role of the federal courts is strictly limited."  <u>Jones v. Walker</u>, 496 F.3d 1216, 1226 (11th Cir. 2007). Specifically, 28 U.S.C. § 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254.

Thus, a federal court may grant habeas relief only if the state court arrives at a conclusion contrary to that reached by the United States Supreme Court on a question of law or decides a case differently from the way the United States Supreme Court did on a set of materially indistinguishable facts, or if the state court's decision involves an unreasonable factual determination. Williams v. Taylor, 529 U.S. 362, 405 (2000); Price v. Vincent, 538 U.S. 634, 638-41 (2003) (noting that a federal habeas court will disturb a state court's decision on the merits only if the petitioner shows that the decision was contrary to, or involved an unreasonable application of, clearly established constitutional law as determined by the Supreme Court, or if the decision rested upon an unreasonable factual determination).

"[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). In other words, "if some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied. . . . [T]he deference due is heavy and purposely presents a daunting hurdle for a habeas petitioner to clear." Loggins v. Thomas, 654 F.3d 1204, 1220 (11th Cir. 2011); see also Greene v. Fisher, 565 U.S. 34, 38 (2011) (noting

that the AEDPA standard is purposely onerous because "federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction") (quotation omitted); Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (noting that the AEDPA standard "is a difficult to meet . . . and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (quotations omitted).

Accordingly, in evaluating Kennedy's § 2254 petition, the Court takes care to abide by the stricture that "[a] federal court may not grant habeas relief on a claim a state court has rejected on the merits simply because the state court held a view different from its own." Hill v. Humphrey, 662 F.3d 1335, 1355 (11th Cir. 2011); see also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1286 (11th Cir. 2012) ("This inquiry is different from determining whether we would decide de novo that the petitioner's claim had merit.").

III.   **ANALYSIS**

A.   **Ineffective Assistance of Trial Counsel (Ground One).**

In ground one of the instant petition, Kennedy claims that his trial attorney rendered ineffective assistance by failing to "introduce evidence that contradicted the State's only witness." (Doc. 1 at 6-7). Respondent argues that this claim is time-barred by the one-year statute of limitations contained in 28 U.S.C. §

7

2244(d)(1), and procedurally defaulted due to Kennedy's failure to raise it in state court.

> **1.   Statute of Limitations.**

The AEDPA provides a one-year statute of limitations for federal habeas petitions.  See 28 U.S.C. § 2244(d)(1).  Under this statute, the limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  Where a petitioner asserts multiple claims with different dates triggering the statute of limitations under § 2244(d)(1), the applicable trigger date is determined on a claim-by-claim basis.  Zack v. Tucker, 704 F.3d 917, 926 (11th Cir. 2013) (en banc).

With respect to Kennedy's ineffective assistance of trial counsel claim in ground one, there is nothing to suggest that the

triggering dates provided in subsections (B) through (D) of § 2244(d)(1) apply.  Thus, the one-year limitation period for that claim commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  See 28 U.S.C. § 2244(d)(1)(A).

Kennedy's judgment of conviction became final for purposes of § 2244(d)(1)(A) on December 27, 2017, when the Alabama Court of Criminal Appeals issued a certificate of judgment.  See Anthony v. Gordy, 2017 U.S. Dist. LEXIS 27714, at *5-6, 2017 WL 769956, at *3 (N.D. Ala. Feb. 28, 2017) ("Where a defendant appeals his conviction to the Alabama Court of Criminal Appeals but does not seek certiorari review in the Alabama Supreme Court, his conviction becomes 'final' for purposes of § 2244(d)(1)(A) no later than the date on which the Alabama Court of Criminal Appeals issues its certificate of judgment."); Brown v. Hooks, 176 F. App'x 949, 951 (11th Cir. 2006) (per curiam); see also Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006).  Thus, in the absence of a tolling event, Kennedy had one year from December 27, 2017 within which to file a federal habeas petition raising the claim set forth in ground one.

Once the federal statute of limitations is triggered and begins to run, it can be tolled in two ways: through statutory tolling or equitable tolling.  Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam).  Statutory tolling is codified

at 28 U.S.C. § 2244(d)(2), which tolls the one-year limitation period during the pendency of "a properly filed application for State post-conviction or other collateral review" of the underlying judgment.  See 28 U.S.C. § 2244(d)(2).[4]

As noted, the one-year limitation period began to run on December 27, 2017, and it ran at least until October 29, 2018, when Kennedy's Rule 32 petition was stamped as filed (albeit apparently under a different case number).[5]  By then, 306 days of the limitation period had elapsed.  The IFP request that accompanied Kennedy's Rule 32 petition was denied on July 3, 2019, and the circuit court ordered Kennedy "to pay costs for Rule 32 Petition to be filed."  (Doc. 16-2).  Kennedy then filed a motion requesting that he be allowed to pay the filing fee in monthly installments (Doc. 16-3), but the circuit court denied that motion on August 21, 2019.  (Doc. 16-4).  Kennedy did not file a petition

---

[4] The pendency of a properly filed state post-conviction application "only *pauses* § 2244(d)(1)'s one-year clock; it does not *reset* it."  Roby v. Mitchem, 2012 U.S. Dist. LEXIS 67121, at *8, 2012 WL 1745529, at *3 (N.D. Ala. May 1, 2012) (emphasis in original).

[5] Kennedy's Rule 32 petition indicates that it was executed on October 12, 2018.  (See Doc. 16-1 at 12).  However, Kennedy failed to respond to question 18 on the standardized petition form, which asks: "What date is this petition being mailed?"  (See id. at 11).  Because of this omission, Kennedy is not entitled to the benefit of the "prison mailbox rule"; thus, his Rule 32 petition is deemed filed when it was stamped as filed by the circuit clerk's office on October 29, 2018.  See Beamon v. State, 204 So. 3d 1, 2 n.2 (Ala. Crim. App. 2014).

for writ of mandamus challenging the circuit court's denial of his
Rule 32 IFP request.  See Ex parte Hurth, 764 So. 2d 1272, 1274
(Ala. 2000) ("A writ of mandamus 'is the proper method by which to
compel the circuit court to proceed on an in forma pauperis
petition.'") (quoting Goldsmith v. State, 709 So. 2d 1352, 1353
(Ala. Crim. App. 1997)).

A number of federal district judges in Alabama have held that
where a Rule 32 petitioner does not pay the requisite filing fee
and the state trial court denies the petitioner's IFP request, the
Rule 32 petition is not "properly filed" and therefore has no
tolling effect under § 2244(d)(2).  See, e.g., Phillips v.
Culliver, 2009 WL 3414280, at *4 (S.D. Ala. Oct. 16, 2009) (DuBose,
J.) ("Phillips' petition was not a 'properly filed' application
for post-conviction relief with the state court because he failed
to pay the requisite filing fee, and he failed to meet the state
court's requirements for proceeding in forma pauperis.  Thus, the
Rule 32 petition had no tolling effect under § 2244(d)(2).");
Triplett v. Price, 2013 U.S. Dist. LEXIS 34950, at *11, 2013 WL
958675, at *4 (S.D. Ala. Feb. 27, 2013) (finding that Rule 32
petition was not properly filed and thus had no statutory tolling
effect because "the state court held that Triplett's petition was
not properly filed because he failed to pay the requisite filing
fee, and he failed to meet the court's requirements for proceeding
in forma pauperis"), report and recommendation adopted, 2013 U.S.

Dist. LEXIS 33699, 2013 WL 958655 (S.D. Ala. Mar. 12, 2013) (Steele, J.); Garza v. Billups, 2017 U.S. Dist. LEXIS 148386, at *7, 2017 WL 4479361, at *3 (S.D. Ala. Sept. 12, 2017), report and recommendation adopted, 2017 U.S. Dist. LEXIS 166228, 2017 WL 4477318 (S.D. Ala. Oct. 5, 2017) (Granade, J.); Rogers v. Alabama, 2015 U.S. Dist. LEXIS 157121, at *9, 2015 WL 7307229, at *3 (N.D. Ala. Aug. 11, 2015) (holding that Rule 32 petition was not properly filed and did not give rise to tolling under § 2244(d)(2) where petitioner's Rule 32 "IFP application was denied, and . . . the action was either dismissed or never docketed in the first place for failure to pay the filing fee and that ruling was not challenged in the state appellate courts"), report and recommendation adopted, 2015 U.S. Dist. LEXIS 156279, 2015 WL 7293597 (N.D. Ala. Nov. 19, 2015); Lewis v. Daniels, 2017 U.S. Dist. LEXIS 60074, at *4-5, 2017 WL 1407329, at *2 (N.D. Ala. Apr. 20, 2017) ("[B]ecause the sentencing court denied Petitioner's motion for leave to proceed *in forma pauperis*, and because Petitioner did not pay the fee, there is no question that his first Rule 32 Petition was not 'properly filed.'").

Here, the circuit court's reasoning for denying Kennedy's IFP request on July 3, 2019 is unclear, but there is no indication that Kennedy challenged the IFP determination in state court, nor does he argue before this Court that the circuit judge erred or violated his rights by denying him leave to proceed IFP.  Under

these circumstances, the Court finds based on the precedent cited above that Kennedy's Rule 32 petition had no tolling effect under § 2244(d)(2). As a result, absent equitable tolling, the limitation period expired in December 2018, more than a year before Kennedy filed the instant federal habeas petition.

The Court notes, however, that "[s]ome courts have indicated that a Rule 32 petition accompanied by an *in forma pauperis* request is considered 'properly filed' while the request is pending, even if it is ultimately denied." Bledsoe v. Jones, 2019 U.S. Dist. LEXIS 211529, at *8, 2019 WL 6712130, at *3 (N.D. Ala. Nov. 12, 2019), report and recommendation adopted, 2019 U.S. Dist. LEXIS 211254, 2019 WL 6701950 (N.D. Ala. Dec. 9, 2019); see McLendon v. Giles, 2014 WL 3735599, at *1 (M.D. Ala. July 29, 2014) ("McLendon filed a state post-conviction petition under Rule 32, *Alabama Rules of Criminal Procedure*, in the Circuit Court of Pike County on February 3, 2011 which tolled the limitation period from the initiation of the petition until the trial court denied McLendon's *in forma pauperis motion* on February 15, 2011."); Falconer v. Estes, 2020 U.S. Dist. LEXIS 13793, at *3 n.1, 2020 WL 429730, at *1 n.1 (N.D. Ala. Jan. 28, 2020) (finding petitioner's assertion that "his Rule 32 petition, accompanied by a motion to proceed in forma pauperis, was 'properly filed,' to be "a correct statement of law" but stating "that when the state court judge denied the request to proceed *in forma pauperis*, he no longer had a properly

file[d] petition pending"); see also Smith v. Comm'r, Alabama Dep't of Corr., 703 F.3d 1266, 1270 (11th Cir. 2012) ("Alabama courts have unequivocally required that one of these formalities, either the payment of the filing fee or the *filing* of an *in forma pauperis motion*, be completed in order for a Rule 32 petition to be considered properly filed.") (emphasis added).

Courts that have held or assumed that the limitation period is tolled while a Rule 32 IFP request is pending have found that the tolling period ends upon the denial of the IFP request. See McLendon, 2014 WL 3735599, at *1 & n.4 (holding that the limitation period was tolled "from the initiation of the petition until the trial court denied McLendon's *in forma pauperis* motion" and noting that "[t]his period of time constitutes the only time the petition could be considered 'pending' before the trial court as upon denial of the *in forma pauperis* application the court lacked subject matter jurisdiction to consider the Rule 32 petition"); Falconer, 2020 U.S. Dist. LEXIS 13793, at *3 n.1, 2020 WL 429730, at *1 n.1 (stating that "when the state court judge denied the request to proceed *in forma pauperis*, [petitioner] no longer had a properly file[d] petition pending"); Bledsoe, 2019 U.S. Dist. LEXIS 211529, at *9, 2019 WL 6712130, at *3.

Assuming *arguendo* that the federal limitation period was statutorily tolled while Kennedy's Rule 32 IFP request was pending, the limitation period began to run again - with only 59 days

14

remaining - upon the denial of the IFP request on July 3, 2019, and it continued running until the limitation period expired in September 2019.[6]  Kennedy did not file the instant federal habeas petition until February 10, 2020, several months after the § 2244(d)(1)(A) limitation period had expired.  Thus, Kennedy's claim in ground one is time-barred unless he can demonstrate that he is entitled to equitable tolling or another exception to the time bar.

Equitable tolling is available only where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted).  "Equitable tolling is an extraordinary remedy, which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).  "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011).  A petitioner's "allegations supporting equitable tolling must be specific and not

---

[6] Even giving Kennedy the fullest benefit of the doubt and assuming that the limitation period was tolled from the date the Rule 32 petition was executed on October 12, 2018 until the denial of the request for a payment plan on August 21, 2019, that would mean that the federal limitation period expired in November 2019, three months before Kennedy filed the instant federal habeas petition.

conclusory." Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012).

Kennedy appears to argue that he is entitled to equitable tolling of the limitation period because his appellate counsel did not inform him that the Alabama Court of Criminal Appeals affirmed his conviction in December 2017 "until 6 months later by mail." (Doc. 1 at 11). According to Kennedy, this "cost [him] 6 months and the ability to file a petition of certiorari" in the Alabama Supreme Court. (Id. at 12). Kennedy also suggests that equitable tolling is warranted because the circuit court waited to rule on his Rule 32 IFP request until after the one-year limitation period had expired. (Id.).

With respect to the latter argument, and as discussed previously in connection with statutory tolling, even assuming arguendo that the federal limitation period was tolled from the time Kennedy filed his Rule 32 petition until the circuit court denied his IFP request on July 3, 2019, Kennedy still had 59 days after that period in which to timely file his federal habeas petition, but he failed to do so. See Phillips, 2009 WL 3414280, at *6 (finding that equitable tolling based on trial court's allegedly erroneous denial of Rule 32 IFP request was not warranted because petitioner still had nearly four months after the denial of his IFP motion to timely file a federal habeas petition). Moreover, Kennedy has not shown that he exercised reasonable

16

diligence in relation to the trial court's failure to promptly act on or grant his Rule 32 IFP request. Specifically, Kennedy has not alleged that he took any action in response to the circuit court's alleged "procrastination" in acting on his IFP request, he has not asserted that the trial court's denial of his Rule 32 IFP request was wrongful or erroneous, and the record does not reflect that he challenged the trial court's ruling in the state appellate courts. Thus, equitable tolling based on the circuit court's failure to act on Kennedy's Rule 32 IFP request earlier is unwarranted.

This leaves only Kennedy's assertion that his appellate counsel's failure to timely notify him that his conviction was affirmed on direct appeal entitles him to equitable tolling. Kennedy's petition provides no relevant details about this claim beyond the vague allegation that his appellate attorney "waited 6 months" to inform him "by mail" that the Alabama Court of Criminal Appeals had affirmed his conviction. (See Doc. 1 at 11-12). A serious instance of attorney misconduct may entitle a habeas petitioner to equitable tolling of the § 2244(d)(1) limitation period. See Holland, 560 U.S. at 651-52. However, "attorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling; either abandonment of the attorney-client relationship . . . or some other professional misconduct or some

17

other extraordinary circumstance is required." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1227 (11th Cir. 2017) (emphasis in original).

The alleged failure of Kennedy's appellate counsel to inform him earlier of the December 2017 appellate decision is not the type of serious misconduct that qualifies as an "extraordinary circumstance" for purposes of equitable tolling. Indeed, under the very limited facts set forth in the instant habeas petition, there is nothing to indicate that the alleged omission by Kennedy's appellate counsel rises above the level of negligence. See Van Whitton v. Thomas, 2021 U.S. Dist. LEXIS 134577, at *11-12, 2021 WL 3046528, at *5 (N.D. Ala. June 15, 2021) (finding that counsel's failure to notify petitioner that his appeal had concluded, despite petitioner's numerous attempts to contact him, "[w]hile potentially negligent, . . . does not rise to the level of abandonment recognized in the Eleventh Circuit or qualify as an extraordinary circumstance"), report and recommendation adopted, 2021 U.S. Dist. LEXIS 133915, 2021 WL 3033429 (N.D. Ala. July 19, 2021); Turner v. Ellington, 2013 WL 6596949, at *3 (M.D. Ala. Dec. 13, 2013) ("Turner's lawyer's negligence in failing to notify Turner that her conviction was affirmed on direct appeal is certainly not laudable, but it is not the kind of mistake which equates to abandonment or otherwise rises to the level of extraordinary circumstances sufficient to toll the statute of

limitations."); Baise v. Toney, 2022 U.S. Dist. LEXIS 157799, at *16-17, 2022 WL 4000724, at *6 (N.D. Ala. July 19, 2022) ("[Counsel's] failure to inform him of the conclusion of his appeal proceedings does not constitute an extraordinary circumstance that entitles [petitioner] to equitable tolling."), report and recommendation adopted, 2022 U.S. Dist. LEXIS 157216, 2022 WL 3974252 (N.D. Ala. Aug. 31, 2022); Kitchen v. Danials, 2016 U.S. Dist. LEXIS 116547, at *6, 2016 WL 4545331, at *3 (N.D. Ala. Aug. 9, 2016) ("[T]he allegation that appellate counsel failed to inform Petitioner that the Alabama Supreme Court had quashed the writ of certiorari and entered a certificate of judgment is not the type of egregious attorney conduct required to apply equitable tolling. Rather, this is a description of mere negligence."), report and recommendation adopted, 2016 U.S. Dist. LEXIS 116031, 2016 WL 4530018 (N.D. Ala. Aug. 30, 2016); Chambers v. Crow, 2020 U.S. Dist. LEXIS 142960, at *11, 2020 WL 5200830, at *4 (S.D. Ala. Aug. 7, 2020) (finding that "a failure by the petitioner's appellate counsel to inform petitioner that a certificate of judgment had been entered is not the type [o]f egregious attorney conduct required to apply equitable tolling") (quotation omitted), report and recommendation adopted, 2020 U.S. Dist. LEXIS 157275, 2020 WL 5166036 (S.D. Ala. Aug. 31, 2020).

To the extent Kennedy's petition can be construed to argue that he is entitled to equitable tolling based on his appellate

counsel's failure to file an application for rehearing in the Alabama Court of Criminal Appeals and a petition for writ of certiorari in the Alabama Supreme Court, he is entitled to no relief.  Kennedy had no Sixth Amendment right to counsel for the purpose of filing an application for rehearing or a petition for writ of certiorari because such review is discretionary.  See Kitchen, 2016 U.S. Dist. LEXIS 116547, at *6-7 n.3, 2016 WL 4545331, at *3 n.3 ("[B]ecause certiorari with the Alabama Supreme Court is a discretionary review, Petitioner had no Sixth Amendment right to counsel following the first round of direct appeal."); Bailey v. Alabama, 2022 U.S. Dist. LEXIS 91139, at *3, 2022 WL 1599706, at *1 (N.D. Ala. May 20, 2022) ("[Petitioner] did not have a right to counsel to file an application for rehearing or a petition for certiorari since such review is discretionary."); Hammond v. Warden, 2015 U.S. App. LEXIS 23855, at *8, 2015 WL 13928999, at *3 (11th Cir. Sept. 1, 2015) (finding that appellate attorney's failure to file a petition for certiorari in the Alabama Supreme Court or to inform petitioner of post-appeal procedures did not constitute extraordinary circumstances for purposes of equitable tolling); see also Wainwright v. Torna, 455 U.S. 586, 587 (1982) (per curiam) ("[A] criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in this Court."). "Consequently, the failure of appellate counsel to seek

discretionary review does not constitute an extraordinary circumstance to justify equitable tolling." Bailey, 2022 U.S. Dist. LEXIS 91139, at *4, 2022 WL 1599706, at *1.

Moreover, Kennedy has not demonstrated that he acted with the diligence necessary to satisfy the other prong of equitable tolling.  He has not alleged, even in a conclusory fashion, that he made any attempt to contact his counsel or the courts to inquire about the status of his appeal.  Even assuming that Kennedy's assertion that his attorney did not inform him of the December 2017 appellate decision until six months later is accurate,[7] that would still mean that Kennedy waited approximately four months after receiving notice before filing a *pro se* Rule 32 petition in the state trial court.  Kennedy has offered no explanation or reason for this delay.

Then, after his Rule 32 IFP request and subsequent motion for payment plan were denied in July and August 2019 respectively, Kennedy did not file the instant habeas petition until February 2020.  While Kennedy asserts that his request for a payment plan

---

[7] This is a risky assumption given that Kennedy has not pinpointed the date on which he received notice that his conviction was affirmed on direct appeal, and his petition plainly exaggerates another time period relevant to his tolling arguments. Specifically, Kennedy alleges that it "took the Circuit Court an entire year" to respond to his Rule 32 IFP request (see Doc. 1 at 12), despite the fact that he filed his Rule 32 petition in October 2018 and the circuit court denied his IFP request less than nine months later, on July 3, 2019.  (See Docs. 16-1, 16-2).

"ha[d]n't been given a response" as of February 10, 2020, and that this purported delay was intentional procrastination by the trial court "to make sure the one year limitation would be exceeded." (Doc. 1 at 12), his assertions are belied by the record evidence. Contrary to Kennedy's assertions, the record reflects that the trial court promptly entered an order denying his request for a payment plan on August 21, 2019, a mere 10 days after the request was filed. (See Doc. 16-4). Furthermore, even if the Court accepts Kennedy's assertion that he did not receive the trial court's order denying his request for a payment plan in August 2019, there is no allegation that Kennedy made any attempt to inquire about the status of his IFP request or his request for a payment plan during the period from October 2018 to February 2020. And, at no time after the filing of his Rule 32 petition did Kennedy seek mandamus relief to compel the circuit court to act on or grant his IFP request. Under these circumstances, Kennedy has not shown that he exercised reasonable diligence in pursuing his remedies. Accordingly, Kennedy has failed to demonstrate that he qualifies for equitable tolling.

A habeas petitioner's actual innocence, if proved, may serve as a gateway to consideration of constitutional claims otherwise time-barred under § 2244(d)(1)'s one-year limitation period. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). To successfully assert actual innocence as a gateway to review of time-barred

claims, a habeas petitioner is required "(1) to present new reliable evidence . . . that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (per curiam) (internal quotation marks and citations omitted). This "standard is demanding and permits review only in the 'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). The actual innocence gateway requires a petitioner to show "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Kennedy's habeas petition makes no direct allegation, much less a credible showing, of actual innocence. Therefore, the actual innocence exception cannot serve as a gateway to consideration of untimely claims, and Kennedy's ineffective assistance of trial counsel claim in ground one is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).

### 2. **Exhaustion and Procedural Default.**

In addition to the one-year limitation period, § 2254 habeas claims are subject to an exhaustion requirement. Before a § 2254 petitioner may obtain federal habeas corpus relief, he must generally exhaust all available state court remedies for

challenging his conviction, either on direct appeal or in a state post-conviction motion.  See 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Walker, 533 U.S. 167, 178–79 (2001).  To fully exhaust a claim, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing in that court, and a petition for discretionary review in the Supreme Court of Alabama.  Price v. Warden, Att'y Gen. of Ala., 701 F. App'x 748, 749-50 (11th Cir. 2017) (per curiam).  The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals.  Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003).

A habeas claim "is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules."  Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008); see Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas[.]").

Kennedy did not claim ineffective assistance of trial counsel on direct appeal (see Doc. 11-3), and Kennedy indicates in the instant habeas petition that he did not raise this claim in a Rule 32 petition. (See Doc. 1 at 7). Thus, Kennedy has not invoked one complete round of Alabama's established appellate review process with respect to the claim in ground one and has therefore failed to exhaust all available state court remedies as to that claim. Moreover, it appears that any attempt to exhaust state remedies now would be futile because the claim would be subject to the procedural bars in Alabama Rule of Criminal Procedure 32.2(a), (c), and (d).[8]

---

[8] Assuming *arguendo* that Kennedy did in fact present this claim in his Rule 32 petition (see Doc. 16-1 at 8-9, 13), he failed to exhaust the claim by invoking one complete round of the established review process. To the extent Kennedy could argue that he was prevented from exhausting the claim by the trial court's denial of his Rule 32 IFP request, he could have filed a petition for writ of mandamus in the Alabama Court of Criminal Appeals challenging the denial of his IFP petition. However, Kennedy failed to file a state court challenge to the circuit court's denial of IFP status with respect to his Rule 32 petition. Thus, regardless of whether it was raised in his Rule 32 petition, Kennedy's ineffective assistance of trial counsel claim is procedurally barred based on his failure to give the state courts a full chance to rule on the issue first. See Baker v. Alabama, 2017 U.S. Dist. LEXIS 118771, at *13, 2017 WL 3205778, at *5 (N.D. Ala. May 3, 2017) (finding that because petitioner failed to request a writ of mandamus when the trial court denied him IFP status with regard to his Rule 32 petition, he could not show that the failure to grant him IFP status was an objective factor external to the defense and therefore failed to show cause for his failure to exhaust claims raised in a Rule 32 petition that was rejected for failure to pay the filing fee), report and recommendation adopted, 2017 U.S. Dist. LEXIS 117699, 2017 WL 3191157 (N.D. Ala. July 27, 2017).

A petitioner can overcome a procedural default in one of two ways. First, a petitioner's defaulted claims can be reviewed if he can show cause for the default and resulting prejudice. Murray v. Carrier, 477 U.S. 478, 496 (1986). "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999). To show prejudice, "a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different" had the constitutional violation not occurred. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003).

Kennedy apparently seeks to have the procedural default of his ineffective assistance of trial counsel claim excused by asserting that his appellate counsel "did not include the argument [sic] in her brief." (Doc. 1 at 7). However, Kennedy did not present that claim as a standalone ineffective assistance of appellate counsel claim in state court. (See Doc. 16-1). Accordingly, that claim is itself unexhausted and procedurally defaulted, and Kennedy's implication that his appellate counsel rendered ineffective assistance by not raising the claim on direct appeal cannot serve as cause for the procedural default of his ineffective assistance of trial counsel claim. See Murray, 477 U.S. at 489 (holding that the exhaustion doctrine "generally

26

requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default"); Hill v. Jones, 81 F.3d 1015, 1029-31 (11th Cir. 1996); Dowling v. Sec'y for Dep't of Corr., 275 F. App'x 846, 847 (11th Cir. 2008) (per curiam); Bruce v. Sec'y, Dep't of Corr., 2018 U.S. Dist. LEXIS 117062, at *39, 2018 WL 3423063, at *14 (N.D. Fla. Feb. 27, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 116747, 2018 2018 WL 3421836 (N.D. Fla. July 13, 2018).

Second, a petitioner may overcome the procedural default of a claim by establishing a fundamental miscarriage of justice, which "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Id. "This exception applies if the petitioner can show that, in light of new evidence, it is probable that no reasonable juror would have convicted him." Mize, 532 F.3d at 1190. To the extent Kennedy's petition can be read to suggest that he is actually innocent of the offense for which he was convicted, he has offered no credible argument, much less new evidence, suggesting his actual innocence. Simply put, Kennedy has not shown a fundamental miscarriage of justice that would permit consideration of his procedurally defaulted ineffective assistance of trial counsel claim; thus, his claim is foreclosed from federal habeas review.

**B.    Denial of "Right of Appeal" (Ground Two).**

In ground two of the instant petition, Kennedy claims that he was denied his "right of appeal" because the circuit court "procrastinated" rather than acting promptly on his Rule 32 IFP request and his subsequent request for a payment plan. (See Doc. 1 at 7). This claim is not within the scope of federal habeas review. The AEDPA restricts federal habeas relief to claims that a state prisoner is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a); see 28 U.S.C. § 2241(c). The Eleventh Circuit "has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief." Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir. 2009). "The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment-*i.e.*, the conviction itself-and thus habeas relief is not an appropriate remedy." Id. Even if a "petitioner is being unfairly denied *in forma pauperis* status for filing Rule 32 petitions, this does not implicate the validity of the conviction itself." Carroll v. Price, 2015 WL 225468, at *7 (N.D. Ala. Jan. 16, 2015). Because Kennedy's claim challenging the adverse actions of the state trial court in addressing his Rule 32 IFP request does not implicate the validity or duration of his confinement, it fails to provide a basis for federal habeas relief. See McLendon,

2014 WL 3735599, at *5; Carroll, 2015 WL 225468, at *7; Williams
v. Hetzel, 2015 U.S. Dist. LEXIS 76835, at *1, 2015 WL 3724733, at
*1 (M.D. Ala. June 15, 2015).

Moreover, Kennedy had an available remedy in state court with
regard to this claim of which he failed to take advantage.  As
already noted, Kennedy could have petitioned the Alabama Court of
Criminal Appeals for a writ of mandamus to compel the circuit court
to act on or grant his IFP request, but he failed to do so.  Alabama
Rule of Appellate Procedure 21(a)(3) requires that a petition for
a writ of mandamus "be filed within a reasonable time," with the
"presumptively reasonable time for filing a petition seeking
review of an order of a trial court . . . the same as the time for
taking an appeal," unless the petitioner demonstrates good cause
for the appellate court to consider a petition filed beyond the
presumptively reasonable time.  Ala. R. App. P. 21(a)(3).

Kennedy could not now file a petition for writ of mandamus
within a reasonable time because the time for appealing the denial
of his Rule 32 IFP request has long passed, and he has not shown
good cause for failing to timely apply for a writ of mandamus.
Therefore, even if it were cognizable in this federal habeas corpus
proceeding, Kennedy's claim challenging the trial court's actions
in addressing his Rule 32 IFP request would be "barred based on
his failure to give the state courts a full chance to rule on the
issue first."  See Baker v. Alabama, 2017 U.S. Dist. LEXIS 118771,

at *12-13, 2017 WL 3205778, at *5 (N.D. Ala. May 3, 2017), <u>report and recommendation adopted</u>, 2017 U.S. Dist. LEXIS 117699, 2017 WL 3191157 (N.D. Ala. July 27, 2017); <u>see also</u> <u>Williams v. Gordy</u>, 2018 U.S. Dist. LEXIS 163658, at *9, 2018 WL 4579866, at *4 (N.D. Ala. Sept. 25, 2018). Kennedy has failed to establish that either the cause and prejudice or fundamental miscarriage of justice exceptions apply to this procedurally defaulted claim. Therefore, the claim is foreclosed from federal habeas review.

To the extent Kennedy's contention that he was denied the "right of appeal" can be construed to assert a claim based on his appellate counsel's alleged failure to inform him of the Alabama Court of Criminal Appeals' December 8, 2017 decision until after the time for him to apply for rehearing in that court and to petition the Alabama Supreme Court for a writ of certiorari had expired, Kennedy failed to raise that claim as an independent claim in the state courts.[9] (<u>See</u> Doc. 1 at 7-8; Doc. 16-1 at 5-13).

---

[9] In any event, Kennedy cannot prevail on a claim alleging that his appellate attorney was ineffective for failing to inform him of the Alabama Court of Criminal Appeals' decision affirming his conviction until after the time to file an application for rehearing had expired. "[T]here is no right to counsel to pursue . . . discretionary state appeals, which includes applications for rehearing and certiorari review in Alabama." <u>Woods v. Stewart</u>, 2018 U.S. Dist. LEXIS 119773, at *63, 2018 WL 3455686, at *19 (N.D. Ala. July 18, 2018) (internal citations omitted); <u>see</u> <u>Summers v. United States</u>, 2014 WL 5463910, at *6 (M.D. Ala. Oct. 27, 2014) (finding that alleged failure of appellate counsel to advise defendant of his right to proceed with a discretionary appeal did not deprive defendant of a constitutional right); <u>Tullis v. Barrett</u>, 2016 U.S. Dist. LEXIS 68611, at *4 n.3, 2016 WL 3022705,

Kennedy cannot return to the state courts to litigate this unexhausted claim, as he would find the claim barred under state procedural rules.  Accordingly, any such claim is unexhausted and procedurally defaulted.  Kennedy articulates no cause for his failure to raise the claim before the state courts, and he has not shown a fundamental miscarriage of justice that would permit consideration of his procedurally defaulted claim.  His claim is thus foreclosed from federal habeas review.

IV.   **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, R. 11(a).  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.

---

at *2 n.3 (M.D. Ala. Mar. 4, 2016) (noting that petitioner "had no constitutional right to counsel at the rehearing stage of direct review and thus she could not be deprived of the effective assistance of counsel at that stage"), report and recommendation adopted, 2016 U.S. Dist. LEXIS 68468, 2016 WL 3010230 (M.D. Ala. May 25, 2016).  And even assuming that he enjoyed a right to counsel at the discretionary appeal stage, Kennedy cannot establish prejudice because he does not set forth any facts indicating there was a reasonable probability that any application for rehearing or certiorari petition would have been successful. See Powell v. Arrington, 2015 WL 4749182, at *4 (N.D. Ala. Aug. 11, 2015).  Therefore, even if it were not procedurally defaulted, Kennedy would not be entitled to relief on this claim.

See 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).

Where a habeas petition is dismissed on procedural grounds, without reaching the merits of any underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Where a habeas petition is denied on the merits of the underlying constitutional claims, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.

After reviewing the issues presented in light of the applicable standards, the undersigned submits that reasonable jurists could not conclude either that this Court is in error in denying the instant petition or that Kennedy should be allowed to proceed further.  Accordingly, the undersigned submits that Kennedy is not entitled to a certificate of appealability and should not be permitted to proceed in forma pauperis on appeal.

**V.   CONCLUSION**

For the reasons set forth above, the undersigned recommends that Kennedy's petition for writ of habeas corpus (Doc. 1) be **DENIED**, that this action be **DISMISSED with prejudice**, and that judgment be entered in favor of Respondent Chadwick Crabtree and against Petitioner Carlos Edward Kennedy.   It is further recommended that any requests for a certificate of appealability or for permission to appeal *in forma pauperis* be **DENIED**.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.   See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).   The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.   In the absence of a proper

objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **23rd** day of **January, 2023.**

        **/s/ SONJA F. BIVINS**
        **UNITED STATES MAGISTRATE JUDGE**

34